JEAN E. WILLIAMS, Dep. Assistant Att'y Gen.
SETH M. BARSKY, Section Chief
MEREDITH L. FLAX, Assistant Chief
BRIENA L. STRIPPOLI, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
(202) 305-0339 | Fax: (202) 305-0275

JENNIFER LYNN LODA, Attorney
BRIAN SEGEE, Attorney
Center for Biological Diversity
1212 Broadway Street, Suite 800
Oakland, CA 94612
(510) 844-7136 | Fax: (510) 844-7150

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>U.S. FISH AND WILDLIFE SERVICE,<br><br>Defendant. | Case No. 4:18-cv-00605-TUC (JGZ)<br><br>**STIPULATED SETTLEMENT AGREEMENT AND ORDER**<br><br>Judge: Honorable Jennifer G. Zipps |

This Stipulated Settlement Agreement (Agreement) is entered into by and between Plaintiff Center for Biological Diversity and Defendant U.S. Fish and Wildlife Service (collectively, the Parties), who, by and through their undersigned counsel, state as follows:

WHEREAS, the Service listed the narrow-headed garter snake (*Thamnophis rufipunctatus*) and the Northern Mexican garter snake (*Thamnophis eques megalops*) (collectively, the garter snakes) as threatened species under the

Endangered Species Act (ESA), 16 U.S.C. § 1531 *et seq.*, on July 8, 2014. 79 Fed. Reg. 38677 (July 8, 2014);

WHEREAS, since listing the garter snakes the Service has not published final rules designating critical habitat for either species, or made a finding that it would not be prudent to do so;

WHEREAS, on December 20, 2018, Plaintiff filed the above-captioned action to compel the Service to issue proposed and final critical habitat rules for the garter snakes by dates certain;

WHEREAS, the Parties, through their authorized representatives, and without any final adjudication of the issues of fact or law with respect to Plaintiff's claims, have negotiated a settlement that they consider to be in the public interest and a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's Complaint;

NOW, THEREFORE, the Parties hereby stipulate and agree as follows:

1. No later than April 13, 2020, the Service shall submit to the *Federal Register* for publication a determination concerning the designation of critical habitat for the garter snakes;

2. If the determination in Paragraph 1 is in the form of a proposed rule, then the Service shall submit to the *Federal Register* for publication a final determination concerning the designation of critical habitat for the garter snakes no later than April 13, 2021;

3. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the Parties filed with and approved by the Court, or upon written motion filed by one of the Parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadlines specified in Paragraphs 1 or 2, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to

comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim or modification.  The Parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court.  If the Parties are unable to resolve the claim themselves, either party may seek relief from the Court.

4. In the event that Defendant fails to meet the deadlines in Paragraphs 1 or 2 and have not sought to modify it, Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above.  This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

5. This Agreement requires only that Defendant take the actions specified in Paragraphs 1 and 2.  No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act (APA), or any other law or regulation, either substantive or procedural.  Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Defendant by the ESA, APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determinations made pursuant to Paragraphs 1 and 2 of the Agreement.  To challenge any final determination issued pursuant to Paragraphs 1 or 2, Plaintiff must file a separate action.  Defendant reserves the right to raise any applicable claims or defenses to such challenges.

6. Without waiving any defenses or making any admissions, Defendant agrees to pay Plaintiff $1,717.50 in attorneys' fees and costs.  Plaintiff agrees to accept the $1,717.50 from Defendant in full satisfaction of any and all claims, demands, rights, and causes of action for any and all attorneys' fees and costs

Plaintiff reasonably incurred in connection with the above captioned litigation through the signing of this Agreement.

7. Plaintiff agrees to furnish Defendant with the information necessary to effectuate the $1,717.50 payment set forth by Paragraph 6. Payment will be made to the Center for Biological Diversity by electronic funds transfer. Defendant agrees to submit all necessary paperwork for the processing of the attorneys' fees award within fifteen (15) days from receipt of the necessary information from Plaintiff or from approval of this Agreement by the Court, whichever is later.

8. By this Agreement, Defendant does not waive any right to contest fees and costs claimed by Plaintiff or Plaintiff's counsel in any future litigation or continuation of the present action.

9. No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for making a determination regarding critical habitat for any listed species.

10. Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. Except as expressly provided in this Agreement, none of the Parties waives or relinquishes any legal rights, claims, or defenses it may have. This Agreement is executed for the purpose of settling Plaintiff's Complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

11. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendant is obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

12. The Parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were disputed by the Parties. By entering into this Agreement, the Parties do not waive any claim or defense except as expressly stated herein. This Agreement contains all of the terms of agreement between the Parties concerning the Complaint, and is intended to be the final and sole agreement between the Parties with respect thereto. The Parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

13. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

14. The terms of this Agreement shall become effective upon entry of an Order by the Court ratifying the Agreement.

15. Upon adoption of this Agreement by the Court, all counts of Plaintiff's Complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated: July 18, 2019          Respectfully Submitted,

/s/ *Briena L. Strippoli*
BRIENA L. STRIPPOLI (MD Atty#0612130372)
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
briena.strippoli@usdoj.gov
(202) 305-0339 | Fax: (202) 305-0275
ATTORNEY FOR DEFENDANT

/s/ *Jennifer Lynn Loda*
JENNIFER LYNN LODA (CA Bar #284889)
Attorney
Center for Biological Diversity
1212 Broadway Street, Suite 800
Oakland, CA 94612
jloda@biologicaldiversity.org
(510) 844-7136 | Fax: (510) 844-7150

/s/ *Brian Segee*
BRIAN SEGEE (CA Bar #200795)
Attorney
Center for Biological Diversity
660 S. Figueroa Street, Suite 100
Los Angeles, CA 90017
bsegee@biologicaldiversity.org
(805) 750-8852

ATTORNEYS FOR PLAINTIFF

**IT IS SO ORDERED.**

**Dated: _____**          **Signed By: _____**
                                  **Hon. Jennifer G. Zipps**
                                  **United States District Judge**

# **CERTIFICATE OF SERVICE**

 I hereby certify that, on July 18, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  I further certify that all participants are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

            */s/ Briena L. Strippoli*
            BRIENA L. STRIPPOLI